Turner, J.
 

 Appellant submits two questions for decision:
 

 1. Does the doctrine of agency by estoppel apply?
 

 2. Did the trial court err in charging that the violation of Section 12760, General Code, constituted negligence
 
 per se?
 

 Appellant argues that because the husband alone relied upon the belief that he was buying the rabbits from the appellant, and that appellee knew nothing of the purchase of the rabbits until her husband brought them home, appellant may not be held liable.
 

 We agree with the Court of Appeals in its opinion: “That when the provision company advertised the sale of rabbits in their place of business prospective purchasers going to the company’s place of business had a right to assume that the company was selling these rabbits through its employees in the absence of knowledge to the contrary. * * *
 

 “We think the company under these circumstances is estopped from denying it was selling rabbits
 
 * *
 

 In 16 Ohio Jurisprudence, 604, Section 50, it is said:
 

 “Although, generally speaking, admissions and declarations
 
 in pais
 
 will operate as estoppels in favor only of those whose conduct, it may be fairly supposed, they
 
 *182
 
 are intended to influence, it is not essential, in all cases, that the representations should be made directly to the person claiming the estoppel. It is sufficient if they are made to a third person to be communicated to such party or to a class of persons of whom the party is one, or even if they are made to the public generally with a view to their being acted upon, and the party, as one of the public, acts thereon and suffers damage thereby.”
 

 In the course of the opinion in the case of
 
 Globe Indemnity Co.
 
 v.
 
 Wassman,
 
 120 Ohio St., 72, 165 N. E., 579, Judge Jones quoted Judge Quain of the Queen’s Bench in
 
 Swift
 
 v.
 
 Winterbotham
 
 (1872-1873), 8 L. R., Q. B., 244, as announcing the rule of law to be that “representations need not be made to the plaintiff directly, but that ‘it is sufficient if the representation is made to a third person to be communicated to the plaintiff, or to be communicated to a class of persons of whom the plaintiff is one, or even
 
 if it is made to the public generally with a view to its being acted on,
 
 and the plaintiff as one of the public acts on it and suffers damage thereby.’ ” (Italics ours.) See, also, 2 Corpus Juris Secundum-, 1063; 2 American Jurisprudence, 86; and
 
 Crosby, County Treas.,
 
 v.
 
 First National Bank,
 
 102 Colo., 43, 76 P. (2d), 734.
 

 We are of the opinion that the courts below were justified in holding that the appellant was estopped to deny the agency of the seller of the rabbits. This being so, the same rules of law apply as if the seller of the rabbits was, in fact, appellant’s agent.
 

 One of the leading cases in the country involving the questions here under consideration is
 
 Davis
 
 v.
 
 Guarnieri,
 
 45 Ohio St., 470, 15 N. E., 350, 4 Am. St. Rep., 548. The evidence in that case disclosed that Mrs. G., being ill, expressed to her husband a desire for a harmless medicine, to the use of which she was accustomed. Her husband called at the drug store of D. for the desired medicine; the agent of D., without informing
 
 *183
 
 himself by whom or for whom it was intended to be used, carelessly put up, sold and delivered to G. a poisonous drug. G., supposing it to be what he had called for, took it home and gave it to his wife, who drank of it in the belief that it was a harmless medicine, and instantly died from the effects. These facts were held to constitute a cause of action against D. in favor of the administrator of the deceased wife for negligently causing her death.
 

 In discussing the facts, Judge Owen said, at page 490: “But these facts still remained: A poisonous drug was sold and delivered to one who believed it to be an innocent medicine, and who delivered it to his wife to be taken as such.”
 

 In the instant case, a diseased, corrupted and unwholesome provision was sold and delivered to one who believed it to be an innocent food, and who delivered it to his wife to be used as such.
 

 In the
 
 Guarnieri case, supra,
 
 the sale was made by an agent. In the instant case, the sale was made by an agent, with this difference, that the agent in the instant ease is an agent by estoppel. Nevertheless, the rules of
 
 qui facit per alium facit per se
 
 and
 
 respondeat superior
 
 apply. It was conceded in the argument of this case that if the agency in the instant case had been one of fact rather than one by estoppel, the judgments of the courts below were correct.
 

 Attention is directed to the following language of Judge Owen in the
 
 Guarnieri case
 
 at page 491
 
 et seq.:
 
 “IX. The plaintiff in error vigorously maintains, however, that neither the facts alleged in the petition, nor those proved upon the trial establish his liability. The reasoning is that Davis was under no obligation to the deceased either by contract or by operation of law. That there was not such privity of relation between him and the deceased as imposed upon him any duty towards her, and that he was not charged in the petition with the violation of any duty arising by operation
 
 *184
 
 of law. It is not a sound proposition to say that a dealer in drugs, having in stock, and for sale, deadly poisons, owes no duty to persons
 
 who do not deal directly with him
 
 in relation to them. The public safety and security against the fatal consequences of negligence in keeping, handling and disposing of such dangerous drugs, is a consideration to which no dealer can safely close his eyes. An imperative social duty requires of him that he use such precautions as are liable to prevent death or serious injury to those who may, in the ordinary course of events, be exposed to the dangers incident to the traffic in poisonous drugs. The jury found that Forster, the agent of the defendant, sold a deadly drug to a customer without knowing it was a poison, and without ascertaining for what use or for whotía it was purchased.” (Italics ours.) The application of these principles to the facts in the instant case is obvious.
 

 Before leaving that case, attention should be called also to the language. of Judge Owen at page 486, wherein it was said: “There is nothing in the record to justify the assumption that she had done or said anything that can be construed as a direction to him concerning the purchase for her of the medicine she required. It was clearly within the line of his simplest duty as a husband to procure for her the desired medicine.”
 

 In the case of
 
 Portage Markets Co.
 
 v.
 
 George,
 
 111 Ohio St., 775, 146 N. E., 283, it was held: “2. The violation of the pure food laws of this state by the sale of unwholesome meat is negligence
 
 per se,
 
 and may be the basis of recovery for damages by the user of said unwholesome meat, who suffers injury proximately resulting therefrom, provided the user is not himself guilty of negligence in the care, preparation, cooking, or in any other manner which contributes directly to his injury.
 
 (Allen
 
 v.
 
 Marvin, Admr.,
 
 64 Ohio St., 608, 61 N. E., 1139, 46 W. L. B., 208, and
 
 Schell
 
 v.
 
 DuBois,
 
 
 *185
 

 Admr.,
 
 94 Ohio St., 93, 113 N. E., 664, approved and followed.)
 

 “3.
 
 In an action for damages against a retail meat vendor, growing out of the sale of unwholesome veal in violation of the pure food laws of this state, it is not error for the court to charge the jury: ‘Whether or not the defendant intended to violate the law does not make any difference. Whether the defendant or its servant knew that the veal was unwholesome, if it was unwholesome at the time it was sold, makes no difference. Lack of intent to violate the law is no defense to the defendant. The defendant’s ignorance of the condition of the veal at the time it was sold is no defense.’ ”
 

 In the
 
 Portage Markets case,
 
 a minor claimed that the defendant company sold his mother a veal roast unfit for human food, and that as a direct and proximate consequence of eating the veal after it had been cooked, the minor suffered a severe infection, as a result of which he sustained great damage.
 

 The rule of law applied in the cases of
 
 Davis v. Guarnieri, supra,
 
 and
 
 Portage Markets Co.
 
 v.
 
 George, supra,
 
 also applies here. These cases furnish a complete answer to the claim of the appellant that “the transaction upon which plaintiff-appellee predicated her right to recover in this action, to wit, the purchase by her husband of rabbits from Ralph Campbell, was entirely completed before she knew anything about it and she was a complete stranger to the transaction, and consequently could not have relied upon any appearance of agency relationship between Ralph Campbell and the defendant-appellant, The Hughes Provision Company.”
 

 In the cases of
 
 Davis
 
 v.
 
 Guarnieri, supra,
 
 and
 
 Portage Markets Co.
 
 v.
 
 George, supra,
 
 purchases were made in one ease by a husband and in the other case by a mother for plaintiffs who were otherwise complete strangers to the transaction, the sales being entirely
 
 *186
 
 completed before the injured persons knew anything about them.
 

 "When appellant is estopped to deny the agency of the seller of the rabbits, it is put in exactly the same position as the defendants in each of the two cases last above mentioned. There is no change in the law of agency or of the right or duty of a husband or parent to make purchases for the family, or of the right of any injured member of the family to recover from the seller of impure foods or drugs for damages proximately resulting from the use of such drugs or food.
 

 The conclusion reached on appellant’s first question in effect settles also the second question. Section 12760, General Code, provides: “Whoever sells, offers for sale or has in his possession with intent to sell, diseased, corrupted, adulterated or unwholesome provisions without making the condition thereof known to the buyer, shall be fined not more than fifty dollars or imprisoned twenty days, or both.”
 

 Appellant argues that it was error to charge that the violation of this section constituted negligence
 
 per se,
 
 claiming that appellant could not be convicted of a violation of this section. Such argument loses sight of the fact that under the evidence in this case, plaintiff is estopped from denying that it offered for sale and made the sale of the rabbits through an agent.
 

 The question whether appellant could be convicted under this section is not before the court. If it were, it would be necessary for us to consider the application, if any, of the aider and abettor statute, Section 12380, General Code.
 

 In the case of
 
 Portage Markets Co.
 
 v.
 
 George, supra,
 
 this court had under consideration a charge by the trial court that a violation of Section 12760, General Code, was negligence
 
 per se.
 
 This court sustained that charge and affirmed the judgment in that case. (See paragraph 2 of the syllabus, quoted above.)
 

 
 *187
 
 As we find the record free from any error or defect affecting appellant’s substantial rights, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Williams, Hart, Zimmerman and Bettman, JJ., concur.
 

 Matthias, J., not participating.