AGOSTO, APPELLANT, *v.* LEISURE WORLD TRAVEL, INC., ET AL., APPELLEES.

(No. 72AP-305—Decided April 10, 1973.)

APPEAL: Court of Appeals for Franklin County.

*Messrs. Dunbar, Kienzle & Murphey,* and *Mr. Allen L. Briggs,* of counsel, for appellant.
*Messrs. Postlewaite, Postlewaite & O'Brien,* for appellee National Car Rental Systems, Inc.

WHITESIDE, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas.

The named plaintiff brought this action as a class action on behalf of himself and all others similarly situated. It is alleged that the members of the class contracted to receive "a Rose Bowl package trip" from defendant

Leisure World Travel, Inc., to attend the 1970 Rose Bowl game. Included in the package was the rental of 108 automobiles from National Car Rental Systems, Inc., for use of the class in California. These automobiles were not furnished by National Car Rental Systems. It is alleged that there was a contract between Leisure World Travel and National Car Rental Systems for the furnishing of the automobiles to the members of the class. Other failures of performance by Leisure World Travel were also alleged. A default judgment was entered against Leisure World Travel.

Defendant National Car Rental Systems, Inc., filed a motion to dismiss the action as to it. The trial court sustained that motion, stating, in part, that:

"The motion to dismiss is granted for the following reasons:

"1. There is no identifiable group of parties to comprise a class as that term is used in Rule 23, Ohio Rules of Civil Procedure; and

"2. It appears from the pleadings that none of the members of the 'class' had a contract with defendant National Car Rental System, Inc. either directly or through an agent."

Plaintiff appeals, raising two assignments of error, as follows:

"(1) The trial court erred in dismissing National Car Rental System, Inc. as a party defendant on the ground that there was no identifiable group of parties to comprise a class as that term is used in Rule 23, Ohio Rules of Civil Procedure.

"(2) The trial court erred in dismissing National Car Rental System, Inc. as a party defendant on the ground that none of the members of the class have a contract with defendant National Car Rental System, Inc."

The first assignment of error is well taken. The trial court made no finding that the prerequisites to a cross-action as set forth in Civ. R. 23 were not present. A finding to the contrary is inconsistent with the trial court's prior action in granting a default judgment against defendant Leisure World Travel.

The four prerequisites of Civ. R. 23(A) would appear to be present. The class is alleged to be so numerous that a joinder of all members is impractical; there are alleged questions of law and fact common to the class; the claims of the representative party are alleged to be typical of the claims of the class; and it is alleged that the representative party will fairly and adequately protect the interests of the class. Whether the additional prerequisite is that of Civ. R. 23(B) (1) or Civ. R. 23(B) (3) need not be determined on this appeal. The trial court made no determination with regard thereto and did not take the action required of the trial court by Civ. R. 23(C) (2) if (B) (3) were applicable.

The complaint contains two claims, one against Leisure World Travel and one against National Car Rental Systems. As to the claim against Leisure World Travel, plaintiff alleges that there are 537 members of the class. As to the claim against National Car Rentals System, plaintiff contends that 108 automobiles were to be furnished. Plaintiff further contends that each automobile was to be furnished for the use of four persons. Whether the class consists of the 108 persons in whose names the automobiles were rented, or includes the 432 persons who were to use the automobiles, as contended by plaintiff, is a determination to be made by the trial court. Civ. R. 23(C) (4) specifically provides that ''an action may be brought or maintained as a class action with respect to particular issues'' and that ''a class may be divided into subclasses and each subclass treated as a class.''

The basis of the trial court's determination that ''there is no identifiable group of parties to comprise a class'' is not clear from the record. Perhaps this was predicated upon the fact that the names of the purported members of the class had not been supplied by plaintiff. However, the trial court at no time entered an order requiring plaintiff so to do. Furthermore, even if Civ. R. 23(B) (3) is involved, Civ. R. 23(C) (2) provides that: ''the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through rea-

sonable effort." Thus, the most that plaintiff could be required to do would be to exercise reasonable effort to identify the individual members of the class. Furthermore, assuming the applicability of Civ. R. 23(B) (3), the trial court made no finding as to whether or not "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The contention of National Car Rental Systems that some of the members of the class are minors is of no significance, as to whether or not a class action can be maintained.

The second assignment of error is also well taken. The determination of the trial court was made upon a motion to dismiss, not upon evidence. National Car Rental Systems, in support of the motion, relied upon answers to interrogatories. However, the trial court did not treat the motion as one for summary judgment. Accordingly, only the pleadings should have been considered in determining whether to sustain the motion. Perhaps the assignment of error is well taken for that reason alone. We shall, however, proceed to an examination of the contentions of the parties.

Plaintiff contends that the members of the class are the third-party beneficiaries of the contract between Leisure World Travel and National Car Rental Systems. National Car Rental Systems contends that it was not a party to that contract, but, rather, the party to that contract was its licensee, known as Consolidated Leasing Corporation, a California corporation. A copy of the license agreement between National Car Rental Systems and Consolidated Leasing Corporation was attached to the answers to interrogatories made by National Car Rental Systems.

National Car Rental Systems contends that Consolidated Leasing Corporation was not its agent, and points to a provision of the license agreement specifically so stating. However, this is not conclusive upon the issue of agency. National Car Rental Systems authorized Consolidated Leasing Corporation to use the name "National Car Rentals."

Both agency through apparent authority and agency by estoppel are recognized in Ohio. Thus, where a person,

by acts or conduct, has caused or permitted another to appear to be his agent, he will be estopped to deny the agency with respect to third persons who deal with the apparent agent in good faith and in the exercise of reasonable prudence. See *Combs* v. *Kobacker Stores Inc.* (1953), 65 Ohio Law Abs. 326; *Murray* v. *Hills Cab Co.* (1963), 119 Ohio App. 211; and *Rubbo* v. *The Hughes Provision Co.* (1941), 138 Ohio St. 178.

This principle is particularly applicable where one by license permits another to use his business or trade name. Obviously, the value of the use of the business or trade name is founded upon the reliance of the public upon the business or trade name, and the advertising promoting the product or service bearing the trade name. When a business or trade name is so used, the public is entitled to assume that transactions they undertake with one using that trade or business name, with authorization to do so, are transactions with the person whose business or trade name is being used.

Whether or not this principle establishing agency is applicable in this case is an issue of fact which has not yet been determined.

The provision in the license agreement that the licensee shall not be an agent does not defeat an agency by apparent authority or by estoppel for the same reasons that "secret" agreements limiting the authority of an actual agent do not do so.

For the foregoing reasons, both assignments of error are sustained, and the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

TROOP, P. J., and REILLY, J., concur.