PRICE ET AL., APPELLANTS, *v.*
WHEELING DOLLAR SAVINGS &
TRUST CO., APPELLEE.

(No. 476—Decided February 9, 1983.)

*Mr. Richard W. Price,* for appellants.
*Messrs. Kaufman & Jones* and *Mr. William H. Kaufman,* for appellee.

ZIEGEL, J. Plaintiffs-appellants, whose address is given in the caption of their complaint as Wilmington, Ohio, sued appellee for damages for the alleged tortious interference by one of appellee's employees with a contract they had for the sale of West Virginia real estate. The complaint filed on October 13, 1981, alleges that appellee is a West Virginia corporation, licensed to do business in Ohio, and is engaged in substantial business transactions in Ohio. At the end of their complaint, appellants gave instructions to the clerk to serve appellee's statutory agent, one Gordon T. Kinder, St. Clairsville, Ohio. From the transcript of the docket and journal entries, however, it appears that the clerk ignored these instructions and instead directed service of summons to appellee at its home office in Wheeling, West Virginia. Appellee's duly executed certified mail receipt is in the file. It does not appear that the statutory agent ever received service of summons.

Appellee's answer to the complaint, filed on November 6, 1981, insofar as it is relevant to this appeal, alleges lack of jurisdiction of the Court of Common Pleas of Clinton County over the subject matter of the person of appellee "since defendant is a nonresident corporation, is not licensed to do business in Ohio, does not do business in Ohio, does not have substantial contact in Ohio, the alleged tort took place in West Virginia, and said alleged tort involved damage to real estate." The answer further alleges that the Common Pleas Court of Clinton County, Ohio is not a proper forum for this action; there is no other proper forum for trial within this state, and there exists a proper forum for trial in another jurisdiction outside this state, to-wit, West Virginia, where the alleged tort, real estate, and other parties to the contract reside."

Thereafter, on March 10, 1982, appellee filed the following motion:

"Now comes defendant, by counsel, and moves the Court alternatively as follows:

"1. To quash service of process made upon this defendant purportedly in accord with Rule 4.3(A) Ohio R. Civ. P. and dismiss this action;

"2. In the alternative, for an order,

in accordance with Rule 3(B) [*sic*] Ohio R. Civ. P., finding that no proper forum for this action exists in Ohio, and staying this action for 60 days in order that plaintiffs may recommence their action in a state where a proper forum exists, to wit West Virginia."

On April 27, 1982, the trial court journalized an entry as follows:

"This cause came on for hearing on April 7, 1982 upon motion of defendant to dismiss for lack of jurisdiction.

"The court, finding said motion to be well taken, in accordance with its memorandum opinion of April 9, 1982, it is ORDERED, ADJUDGED AND DECREED that the complaint should be and hereby is, dismissed without prejudice to future action. Costs to plaintiff. Exceptions to plaintiff."

From this entry, appellants have perfected their appeal. The sole assignment of error is that the trial court erred in dismissing their complaint for lack of proper forum.

The judgment entry, above quoted, refers to the "motion of defendant to dismiss for lack of jurisdiction," and holds said motion to be well-taken. Defendant-appellee's motion, however, is made in the alternative, with only the first of the alternatives seeking a dismissal for jurisdictional reasons, even though the motion does not use that word. The second of the alternatives only seeks an order changing venue. Since the judgment entry orders the outright dismissal of the action, it would appear that the trial court sustained the first branch of defendant-appellee's motion. The memorandum opinion referred to in the judgment entry, however, does not make any finding or ruling as to the first alternative set forth in said motion. The basis for the court's ruling is contained in the following language from the opinion:

"It seems unrealistic to me that this Court would entertain and try this case now in Clinton County, Ohio, causing the parties to travel to the situs of the forum,

regardless of whether or not service of summons can be obtained upon Defendant under Ohio law.

"It would appear to far better serve the ends of justice if said case were tried to the Court where the real property is located, where the cause of action arose, where Defendant lives, where the alleged loss occurred, and where the law of the situs can be applied."

Under Ohio's Civil Rules, improper venue is never a ground for dismissal of a lawsuit. If the action is commenced in the wrong county in this state, upon timely assertion of the defense of improper venue, the trial court is authorized to transfer the case to the proper county. Civ. R. 3(C)(1). If, upon timely motion, the court finds that there is no proper forum for trial within this state, it must, with the agreement of all defendants, stay the action to give plaintiff time within which to recommence his action in the proper forum. Civ. R. 3(D). Only if the plaintiff fails within sixty days to recommence the action in the out-of-state forum may the court dismiss the action. Here, appellee's agreement is apparent from its motion, but appellants were not given the advantage of the stay and the opportunity to recommence. Thus, even if the Court of Common Pleas of Clinton County is not the proper forum, the trial court erred in dismissing the action without first complying with Civ. R. 3(D).

The Civil Rules make no provision for a motion to quash service of process. Under pre-rules procedure, if a motion to quash service of process was sustained, the court would have no jurisdiction over the person of the defendant for the reason that the defendant had never received summons. Under the Civil Rules, that type of inquiry is included in the authorized procedure of setting forth the defense of lack of jurisdiction over the person either by responsive pleading or by motion. Civ. R. 12(B)(2). Even if a Civ. R. 12(B)(2) motion is sustained and the action is dismissed, that "dismissal should

not prejudice the action on the merits barring plaintiff's right to seek to file an amended or subsequent complaint." *Jurko* v. *Jobs Europe Agency* (1975), 43 Ohio App. 2d 79 [72 O.O.2d 87], paragraph four of the syllabus.

As was pointed out above, service of summons was obtained upon appellee at its home office in Wheeling, West Virginia. Civ. R. 4.3(A) details the factual situations which authorize this kind of out-of-state service, and provides, insofar as it is pertinent to this case, that:

"Service of process may be made outside of this state * * * in any action in this state, upon a person who at the time of service of process is a nonresident of this state * * *. The term 'person' includes * * * a corporation * * *, who, acting directly or by an agent, has caused an event to occur out of which the claim which is the subject of the complaint arose, from the person's:

"* * *

"(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenues from goods used or consumed or service rendered in this state."

Before determining whether the facts before the court authorized a Civ. R. 4.3 out-of-state service of process, a preliminary question must be considered. The trial court was ruling on a motion to dismiss, not a motion under Civ. R. 56 for a summary judgment. Civ. R. 56(C) specifically details the kind of evidence which may be considered in ruling upon a summary judgment motion. There is, however, no indication as to the kind of evidence which may be considered in ruling upon any factual issue which may arise in connection with a Civ. R. 12(B)(2) motion. With regard to a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the rule provides that when the motion "presents matters outside the pleading

and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." There are no provisions for converting a Civ. R. 12(B)(2) motion into a summary judgment proceeding. The question then is whether the court is limited to the allegations contained in the complaint to determine the validity of the motion, or whether it may go beyond the complaint and consider other evidence. In the case before us, at the time the trial court considered this motion there had been filed with the court answers to interrogatories. The court also had before it appellee's counsel's affidavit filed with the motion.

Prior to the adoption of the Civil Rules, such a motion was determined on the basis of facts alleged in the complaint, and there is authority to the effect that such is still the rule. In *Agosto* v. *Leisure World Travel* (1973), 36 Ohio App.2d 213 [65 O.O.2d 339], decided after the adoption of the Civil Rules, the following appears at page 216:

"The determination of the trial court was made upon a motion to dismiss, not upon evidence. National Car Rental System, in support of the motion, relied upon answers to interrogatories. However, the trial court did not treat the motion as one for summary judgment. Accordingly, only the pleadings should have been considered in determining whether to sustain the motion."

The complaint before us alleges that appellee is a West Virginia corporation licensed to do business in Ohio, engaged in substantial business transactions in Ohio. The complaint does not set forth where the alleged tort took place. It does allege that the real estate involved in the contract which was allegedly tortiously interfered with is located in West Virginia. Since it was a contract that was allegedly tortiously interfered with the location of the real estate covered by the contract is immaterial. There are, therefore, sufficient allegations in the complaint to

justify out-of-state service of process pursuant to Civ. R. 4.3(A).

Appellee's answer, however, denied that it was authorized to do business in Ohio, denied that it does business in Ohio, denied that it had substantial contacts in Ohio, and alleged that the tort took place in West Virginia. Prior to the Civil Rules, it would have been necessary to resolve the factual issues created by appellee's answer at trial. The question is whether the trial court was permitted to avail itself of evidence contained in interrogatory responses and appellee's counsel's affidavit to resolve factual disputes at this state of the proceedings.

*Agosto* v. *Leisure World Travel,* *supra,* to the contrary notwithstanding, there is authority to support the use of such evidence. 43 Ohio Jurisprudence 2d 365, Pleading, Section 236, citing federal cases, provides that extraneous matter such as affidavits may be used in motions to dismiss. *Jurko* v. *Jobs Europe Agency,* *supra,* paragraph three of the syllabus, provides that "a court can within its discretion in an appropriate case rule on a Civil Rule 12(B)(2) jurisdictional question on the basis of affidavits alone." Without deciding whether *Agosta* or *Jurko* should prevail, we review this case on the basis that evidence extraneous to the complaint is permitted.

The trial court made no findings of fact in its judgment entry, above quoted. In its memorandum opinion, it did state that "the tortious interference occurred in West Virginia, that the contract arose in West Virginia." These findings, however, do not affect our conclusion, based on appellants' complaint, that service of process in accordance with Civ. R. 4.3(A) was proper. Civ. R. 4.3(A)(4) is addressed directly to "an act or omission," *i.e.,* a tort, "outside this state."

The first question to be resolved with respect to Civ. R. 4.3(A)(4) is whether such act or omission caused tortious injury in this state. The complaint alleges that appellants entered into an agreement to sell real estate located in West Virginia, and that one of the appellee's employees, in the scope of his employment, spoke maliciously concerning this real estate to the prospective purchasers, as a result of which the purchasers breached their contract with appellants. The tort (speaking maliciously) clearly occurred in West Virginia. Whatever injury occurred as a result of this alleged tort, occurred at that time. Appellants are residents of Wilmington, Ohio, as stated in the caption of their complaint. There are no facts or defensive allegations to the effect that they were in West Virginia at the time the alleged tort took place. The injury to them therefore occurred in Ohio.

This point of view was considered by the United States District Court, Northern District of Ohio, Western Division, in *Seilon, Inc.* v. *Brema S.p.A.* (1967), 271 F. Supp. 516, wherein the applicability of R.C. 2307.382(A)(4) to federal court service of process in Ohio was discussed. The complaint charged conspiracy to breach a contract. The defendants were European corporations, and the conspiracy took place in Italy. The court there validated the long-arm service provisions of the rule. That case, being decided before the adoption of the Civil Rules, concerned the predecessor to Civ. R. 4.3(A)(4), R.C. 2307.382(A)(4), which was copied verbatim in the Civil Rules.

The next issue is whether appellee regularly does or solicits business in Ohio. The complaint alleges that appellee, although a West Virginia corporation, is licensed to do business in Ohio and engages in substantial business transactions in Ohio. This allegation answers the question. It is interesting to note that while appellee denies in its answer that it is licensed to do business in Ohio, it does state in its response to interrogatories and in the affidavit appended to its motion that it is licensed to transact business in Ohio, not under the Foreign Corporation Act, but under the Foreign Trust Company Act. Insofar as the case at bar is con-

cerned, we see no difference in the type of license. There would be no reason for appellee to have even a trust company license if it did not do business in Ohio.

Finally, there is a question as to whether the business appellee does in Ohio is sufficient to justify, as a matter of fairness, the requirement that it defend itself in Ohio. Neither in its judgment entry nor in its memorandum opinion did the trial court make any findings to that effect. It did, however, state in its memorandum opinion that reliance was placed on *Wainscott* v. *St. Louis-San Francisco Ry. Co.* (1976), 47 Ohio St. 2d 133 [1 O.O.3d 78], which held, in paragraph three of the syllabus:

"A foreign railroad corporation having no tracks in Ohio and maintaining two offices in this state for the purpose of soliciting freight traffic to be carried over the corporation's out-of-state lines does not have the necessary minimum contacts with Ohio such as to make it fair for the corporation to defend a suit in this jurisdiction based on a cause of action arising from the corporation's business in Missouri * * *."

Accordingly, whether or not they were stated, we conclude that the trial court must have decided that appellee here did not have these necessary minimum contacts.

The facts of *Wainscott* and the case *sub judice* are, however, inapposite. First, the railroad company was not licensed to do business in Ohio, as is appellee corporation. Second, the cause of action arose in *Wainscott* as a result of a crossing accident which took place in Missouri and thus plaintiff was injured in Missouri. Third, the railroad company did not have any Ohio statutory agent appointed to receive service of summons; appellee did have such an agent. No reference is made in *Wainscott* as to any business the railroad company obtained in Ohio. While appellee does not separate its accounts so that it is able to state just how much of its business is attributable to Ohio, it does

have Ohio business. On the basis of these facts, any conclusion that the trial court reached relative to the lack of minimum contacts of appellee was inappropriate, and contrary to the manifest weight of the evidence. Further, it seems to us that having a license to do business in Ohio is, *per se,* sufficient evidence upon which to conclude that appellee had the necessary minimum contacts with Ohio.

Accordingly, we conclude that appellee was a proper "person," as an out-of-state corporation, to receive service pursuant to Civ. R. 4.3(A)(4).

As to appellee's motion concerning venue, Civ. R. 3(B) provides that "[p]roper venue lies in any one or more of the following counties: (1) The county in which the defendant resides; * * * (7) In actions described in Rule 4.3 (out-of-state service) in the county where plaintiff resides;· * * *." Having concluded that out-of-state service of process was proper, per Civ. R. 4.3, we are compelled to conclude that proper venue lies in the county where plaintiff resides, which is the county wherein the action in the case at bar was commenced.

Appellee further contends that since it maintained an Ohio statutory agent with residence in Belmont County, Ohio, that is the only Ohio county in which an action may be brought, citing Civ. R. 3(B)(11)(b). That subsection provides that an action may be brought in a county in which defendant has appointed an agent to receive process. Under Civ. R. 3(B)(11), however, that forum is available only if there is no available forum in subsections (1) through (10) of Civ. R. 3(B). We have concluded that venue under Civ. R. 3(B)(7) is proper, and therefore, this section is inapplicable.

The judgment of the court of common pleas is hereby reversed, and the cause is remanded to that court for further proceedings in accordance with the law and this opinion.

*Judgment reversed*
*and cause remanded.*

320

HENDRICKSON, P.J., and KOEHLER, J., concur.

ZIEGEL, J., retired, of the Court of Common Pleas of Preble County, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.