OPINION
{¶ 1} The appellant, Kenneth Wilson, appeals the October 18, 2002 judgment of the Common Pleas Court of Crawford County, Ohio, dismissing his complaint against the appellee, Rudel Chatman.
 {¶ 2} On October 4, 2001, Wilson, an inmate, filed a pro se complaint in the Crawford County Common Pleas Court against Chatman, a fellow inmate, alleging two causes of action; to-wit: "Assault 
Battery" and "Violation of Privacy." In the complaint, Wilson alleged that Chatman "repeatedly sexually harassed and sexually propositioned the Pltf [Plaintiff] to perform sexual acts upon him" in July, 2000, and April, 2001. Further, Wilson alleged that Chatman would laugh about these actions and tell others in the prison what he had done. The complaint alleged that at all times relevant to this action that Chatman was a resident of Crawford County, where he was indicted. However, the complaint additionally alleged that at all relevant times Wilson and Chatman were inmates at Marion Correctional Institute in Marion County, Ohio, and the caption of the complaint stated that Chatman's address was unknown.
 {¶ 3} Wilson wrote a letter on October 26, 2001, which was file-stamped, to the Crawford County Clerk of Courts, requesting that the summons and a copy of the complaint be served on Chatman as follows:
 Rudel James Chatman c/o Marion Corr. Inst. M-Block-Protective Custody Unit Box 57 940 Marion-Williamsport Rd. Marion, Ohio 43302
 {¶ 4} The Clerk attempted service at this address, but this attempt failed. Wilson then filed a motion to require Marion Correctional Institute to provide him with Chatman's forwarding address, and the trial court denied this motion. Wilson next filed a motion for instruction as to how to obtain service on Chatman. On June 14, 2002, the trial court issued an entry, which provided an address for Chatman at Warren Correctional Institute in Lebanon, Ohio, based upon information in its "public Clerk of Court computerized index." Service on Chatman was finally obtained at this address via certified mail on July 11, 2002.
 {¶ 5} Chatman, also pro se, filed an answer/motion to dismiss the complaint on July 22, 2002. In support of this motion, Chatman denied the allegations of the complaint and contended that the complaint failed to state a claim upon which relief could be granted. In addition, Chatman asserted that Wilson, as an inmate, had a limited expectation of privacy and that the suit against him was frivolous. Further, Chatman maintained that venue was improper in the Crawford County Court of Common Pleas because the causes of action allegedly occurred in Marion County and that he was not a resident of Crawford County as he was an inmate in Warren County. Wilson filed a response to this motion, as well as a motion for summary judgment. On October 18, 2002, the trial court overruled the motion for summary judgment and granted Chatman's motion to dismiss "for the reasons set forth therein." This appeal followed, and Wilson now asserts two assignments of error.
The trial court erred when it granted Appellee's Motion to Dismissbased upon a failure to state a claim upon which relief can be granted— Rule 12(B)(6).
 The trial court erred when it granted Appellee's Motion to Dismissbased upon improper venue.
 {¶ 6} The judgment of the trial court did not provide the court's reasons for the dismissal. Instead, the judgment merely found the motion well taken and granted the dismissal for the reasons stated in that motion. Thus, we examine the complaint in light of the assignments of error propounded by Wilson.
 {¶ 7} The Rules of Civil Procedure dictate the proper venue for the commencement of an action and provide several avenues by which venue may arise. Specifically, Civ.R. 3(B)(1) provides that venue is proper in the county where the defendant resides. Here, the complaint alleged that Chatman was a resident of Crawford County. However, the caption stated that his address was unknown. In addition, service was first attempted in Marion County, not Crawford. Further, service was finally achieved on Chatman in Lebanon, Ohio, located in Warren County. Therefore, Crawford County was not the proper venue in which to file this action based upon Civ.R. 3(B)(1) because Chatman, the defendant, resided in Warren County. Nevertheless, venue is also proper in the "county in which all or part of the claim for relief arose[.]" Civ.R. 3(B)(6). However, the complaint alleges that the actions that gave rise to the claim for relief arose in Marion County. Thus, venue was not proper in Crawford County pursuant to Civ.R. 3(B)(6) or any other venue provision.
 {¶ 8} Despite the fact that venue was not proper in Crawford County, "improper venue is never a ground for dismissal of a lawsuit."Price v. Wheeling Dollar Savings Trust Co. (1983), 9 Ohio App.3d 315,316. Rather, "[w]hen an action has been commenced in a county other than stated to be proper in subdivision (B) of this rule, upon timely assertion of the defense of improper venue as provided in Rule 12, the court shall transfer the action to a county stated to be proper[.]" Civ.R. 3(C) (emphasis added). Accordingly, the trial court should have transferred the action to the proper county, either of those being Warren or Marion, rather than dismiss it for improper venue.
 {¶ 9} Although the trial court should not have dismissed the complaint based upon improper venue, there remained adequate grounds to dismiss the complaint, as it failed to state a claim for which relief can be granted. The Ohio Supreme Court has held that "[i]n order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, syllabus. In construing a complaint for purposes of a dismissal motion, a court must accept all the factual allegations in the complaint as true and make all reasonable inferences in favor of the non-moving party." Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192.
 {¶ 10} The complaint characterizes the alleged causes of action as invasion of privacy and assault and battery. A battery requires an intentional harmful or offensive touching without the consent of the one being touched. Anderson v. St. Francis-St. George Hosp., Inc. (1996),77 Ohio St.3d 82, 84. The tort of assault is "the willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact." Smith v. John DeereCo. (1993), 83 Ohio App.3d 398, 406. A key element of assault is that the alleged tortfeasor "knew with substantial certainty that his or her act would bring about harmful or offensive contact." Id. The threat or attempt must be coupled with a definitive act by one who has the apparent ability to do the harm or to commit the offensive touching. See, id.;Coleman v. Kindercare Learning Center, Inc. (Dec. 30, 1999), Franklin App. No. 99AP-259, 1999 WL 1267321. Here, the complaint alleged only the sexual propositioning of Wilson by Chatman. Nothing contained therein indicated any threat or attempt to touch or actual offensive touching of Wilson. Thus, the complaint was insufficient as to a claim of assault and/or battery.
 {¶ 11} The complaint also alleges invasion of privacy. The Ohio Supreme Court has recognized three actionable types of invasion of privacy: (1) "the unwarranted appropriation or exploitation of one's personality, [(2)] the publicizing of one's private affairs with which the public has no legitimate concern, or [(3)] the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities."Housh v. Peth (1956), 165 Ohio St. 35, paragraph two of the syllabus. However, the complaint alleged that Chatman informed other prisoners as to actions that he took, not private information belonging to Wilson. Invasion of privacy laws do not prohibit a person from informing others of his/her own actions. Thus, the complaint fails as to this claim by Wilson. However, our inquiry does not end here.
 {¶ 12} "A complaint should not be dismissed for failure to state a claim merely because the allegations do not support the legal theory on which the plaintiff relies. Instead, a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory." Fahnbulleh v. Strahan (1995), 73 Ohio St.3d 666, 667, citing Patriarca v. FBI (D.R.I. 1986), 639 F. Supp. 1193. In his brief to this Court, Wilson asserts that his complaint, while not specifically stating so, alleged claims of negligence and nuisance. We disagree.
 {¶ 13} First, the tort of nuisance is wholly inapplicable to the facts of the case sub judice. See State ex rel. Chalfin, v. Glick
(1961), 172 Ohio St. 249, paragraph six of the syllabus. Rather, the facts alleged in the complaint as to the sexual harassment of one inmate by another appear to be based on the infliction of emotional distress. However, both intentional and negligent inflictions of emotional distress require serious emotional distress. See Paugh v. Hanks (1983),6 Ohio St.3d 72, 78; Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, syllabus. The term "serious" goes "beyond trifling mental disturbance, mere upset or hurt feelings. * * * [It] describes emotional injury which is both severe and debilitating. Thus, serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." Paugh, 6 Ohio St.3d at 78. The facts alleged by Wilson, sexually propositioning him and laughing about it afterwards, do not indicate a type of conduct that would be debilitating to him. Thus, Wilson's complaint fails to allege a set of facts entitling him to recovery under this theory.
 {¶ 14} For these reasons and having found no other theory upon which relief can be granted, the judgment of the Common Pleas Court of Crawford County, Ohio, is affirmed.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.