BELT, Appellant,

v.

ROADWAY EXPRESS, INC., Appellee.

[Cite as *Belt v. Roadway Express, Inc.* (1992), 83 Ohio App.3d 706.]

Court of Appeals of Ohio,
Summit County.

No. 15579.

Decided Nov. 18, 1992.

*Katherine C. Hart Smith,* for appellant.

*Don Powell,* for appellee.

---

CACIOPPO, Judge.

Defendant-appellee, Roadway Express, Inc. ("Roadway"), employed plaintiff-appellant, Jane Belt ("Belt"), from August 1979 until October 8, 1990. During her employment with Roadway, Belt did not have a written employment contract. Several times Roadway put Belt on notice of the at-will nature of her employment.

Specifically, Roadway set forth an at-will employment policy in its Code of Corporate Conduct:

"Company employees are employed at the will or sufferance of the Company subject to termination without recourse at any time for any or no reason. Each employee shall have the unlimited right to voluntarily terminate employment with the Company * * * subject only to two weeks' advance notice of intention to terminate employment."

On April 12, 1985, Belt signed a receipt, acknowledging that she received a copy of the code.

In 1987, Belt changed from a full-time to part-time employee. She received a company memorandum setting forth her change in status. The memorandum provided in pertinent part:

"Nothing in this memo should be construed or interpreted as giving any employee the right to be retained in the service of the Company or to be afforded any particular condition of employment. Nor shall it affect or impair the right of the Company to control its employees or terminate the services of any employee at any time."

Belt signed the memorandum on November 16, 1987.

Finally, during her employment, Belt received an employee handbook. The handbook contained a disclaimer which provided:

"EMPLOYMENT TENURE

"Unless modified by a written agreement jointly executed by an employee and the President or Vice President of Roadway Express, Inc., all nonbargaining unit employees are employed at the will or sufferance of Roadway Express, Inc., and are subject to separation without recourse at any time for any or no reason.

"Unless modified by a written agreement, each employee has the right to voluntarily end his/her employment with Roadway Express Inc., subject only to

two weeks' prior notice. Employees who voluntarily end their employment retain rights to the vested benefits to which they are entitled under the fringe benefit programs in effect during their employment."

Roadway terminated Belt's employment on October 8, 1990. Belt brought a civil action against Roadway. She claimed that the employee handbook and various oral representations of her supervisors altered her employment contract, and allowed Roadway to terminate her only for just cause. The trial court disagreed, and granted summary judgment to Roadway on all of Belt's claims. Belt appeals this summary judgment, asserting two assignments of error.

### Assignment of Error No. I

"The trial court erred in granting defendant's motion for summary judgment as to plaintiff's claim for breach of contract.

"A. A disclaimer which is inconsistent with other written and verbal representations is invalid.

"B. Disclaimers are but one fact or circumstance to be weighed upon a summary judgment motion."

In granting a summary judgment, a court must determine that:

"(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as·a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Belt argues that genuine issues of fact remain as to whether Roadway altered its at-will employment contract with her. We disagree.

■ When an employer and employee enter an at-will agreement, either party may terminate the employment relationship for any reason which is not contrary to law. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150, paragraph one of the syllabus. Nevertheless, a trier of fact may consider a number of facts and circumstances that could alter the employment agreement. These facts and circumstances include the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which might help to illuminate the question. *Kelly v. Georgia–Pacific Corp.* (1989), 46 Ohio St.3d 134, 545 N.E.2d 1244, paragraph two of the syllabus.

■ First, we examine Belt's claim that her supervisors at Roadway made oral representations which changed the terms of her employment contract. Belt

admitted that no one at Roadway ever explicitly offered her indefinite employment. In a crucial part of her deposition, Belt testified as follows:

"Q. Is there any policy or procedure anyplace in writing in which you were told that, in fact, you would have a job indefinitely with Roadway?

"A. That I do not know. I've never seen it.

"Q. Is there any policy or procedure that you were ever advised of orally that specifically told you would indefinitely have a job with Roadway?

"A. Well, I misinterpreted things, I took things that were told to me to mean just that.

"Q. I understand that you indicated that there were some comments that you've described earlier that meant that, but did anybody ever specifically tell you under Roadway's policy and/or procedure you have a job indefinitely in the future?

"A. Not in those words, no.

"Q. Did anyone ever tell you on behalf of Roadway that you would never be fired from your job?

"A. Not directly like that, no."

Belt also claims that other statements of her supervisors implied a change in her employment contract. For example, she testified that her supervisors often praised her work performance and asked her to return to full-time employment. She interpreted these comments to mean that she had a stable job with Roadway. Such comments concerned the nature of Belt's job performance, not the nature of her employment contract. "Standing alone, praise with respect to job performance and discussion of future career development will not modify the employment-at-will relationship. * * *" *Helmick v. Cincinnati Word Processing, Inc.* (1989), 45 Ohio St.3d 131, 543 N.E.2d 1212, paragraph three of the syllabus.

Unless the circumstances clearly manifest that the parties intend to bind each other in a different manner, there is a strong presumption in favor of a contract terminable at will. *Deken v. Therapeutic Patient Sys., Inc.* (July 3, 1991), Summit App. No. 14908, unreported, at 6, 1991 WL 123042, citing *Henkel v. Educational Research Council* (1976), 45 Ohio St.2d 249, 255, 74 O.O.2d 415, 418, 344 N.E.2d 118, 122. We find nothing in Belt's depositions, or in any other part of the record to indicate that Roadway supervisors made oral statements which altered Belt's at-will employment contract.

We next consider the effect of the Roadway employee handbook on Belt's employment contract. The handbook suggests that Roadway should give employees written notice of discharge, and statements setting out the reasons for

discharge. In a letter to Belt of October 11, 1990, Roadway's Director of Pricing, James W. Conner, complied with the company policy. While the handbook requires Roadway to follow certain procedures when discharging an employee, none of the procedures explicitly or implicitly change an employee's at-will status. Moreover, none of the procedures are in any way inconsistent with an at-will employment agreement.

Finally, the handbook contains a disclaimer which repeated the at-will terms of the employment relationship. "Absent fraud in the inducement, a disclaimer in an employee handbook stating that employment is at will precludes an employment contract other than at will based upon the terms of the employee handbook." *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph one of the syllabus. Belt presented no evidence to show that Roadway fraudulently induced her to accept the terms of the handbook. Thus, the disclaimer in the handbook bars us from considering the policies of the handbook as evidence of an employment contract.

After reviewing the entire record, we find no genuine issue of fact remaining as to Belt's employment tenure. She was clearly an at-will employee.

Appellant's first assignment of error is overruled.

### Assignment of Error No. II

"The trial court erred in granting defendant's motion for summary judgment as to plaintiff's promissory estoppel claim as genuine issues of material fact exist as to whether defendant made a clear and unambiguous promise of termination for just cause only."

In her second assignment of error, Belt invokes the doctrine of promissory estoppel. She claims that she relied to her detriment on Roadway's representations to her concerning her employment tenure. In such a case, we look to " * * * whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." *Mers v. Dispatch Printing Co.*, supra, paragraph three of the syllabus. Further, we note that:

"To establish a claim based upon promissory estoppel, the plaintiff must demonstrate that there was a promise, clear and unambiguous in its terms; reliance by the party to whom the promise is made; that the reliance was reasonable and forseeable; and that the party claiming estoppel was injured by the reliance." *Spangler v. Go–Jo Indus., Inc.* (Mar. 22, 1989), Summit App. No. 13853, unreported, at 7, 1989 WL 25692, citing *Cohen & Co. v. Messina* (1985), 24 Ohio App.3d 22, 26, 24 OBR 44, 48, 492 N.E.2d 867, 872.

Belt testified that supervisors praised her job performance, and that they wanted her to return to full-time employment. Nevertheless, she provided no evidence that any Roadway supervisor clearly and unambiguously promised her job security. The oral representations Belt relied on are nebulous, and would not induce a reasonable person to act or refrain from acting. The trial court properly granted summary judgment for Roadway as to Belt's promissory estoppel claim.

Accordingly, appellant's second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and COOK, JJ., concur.