HEALEY, Appellant,

v.

REPUBLIC POWDERED METALS, INC. et al., Appellees.

[Cite as *Healey v. Republic Powdered Metals, Inc.* (1992), 85 Ohio App.3d 281.]

Court of Appeals of Ohio,
Medina County.

No. 2123.

Decided Dec. 9, 1992.

282

Patrick Dichiro and Ford L. Noble, for appellant.

Donald F. Woodcock and Kathleen Keogh, for appellees.

CACIOPPO, Judge.

This case arose after defendant-appellee, Republic Powdered Metals, Inc. ("RPM"), terminated the employment of plaintiff-appellant, Thomas J. Healey. RPM employed Healey from August 1950 until June 1988. During that time, Healey and RPM did not enter into a written employment contract; the employment relationship was at will. After RPM discontinued Healey's employment, Healey brought an action against RPM in the Medina County Court of Common Pleas. Healey claimed that RPM either breached an implied contract of continued employment, or breached a contract for continued employment which resulted from the doctrine of promissory estoppel.

More specifically, Healey based his claim on two incidents. The first incident occurred at the thirty-fifth annual RPM stockholders meeting. There, RPM's chairman of the board, Thomas Sullivan, thanked Healey for his years of service to the company. The second incident took place in August 1987. Healey walked into the company lunchroom, where he met Sullivan and Julius Nemeth. Nemeth greeted Healey by congratulating him on his thirty-seventh anniversary with the company. Sullivan asked Healey his age, and then Sullivan told Healey that Healey would be the first company employee to work there for fifty years.

After reviewing the results of pretrial discovery, the trial court granted a summary judgment in favor of RPM. Healey appeals, asserting the following assignment of error.

"Whether the trial court erred in granting summary judgment in favor of defendant-appellee, Republic Powdred [sic] Metals, Inc., where the Medina County Court of Common Pleas made a factual determination which should have been left up to a trier of fact and not disposed of by the court through the use of summary judgment."

In reviewing a summary judgment, an appellate court applies the same standard as a trial court. A summary judgment is proper when "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 273.

Healey focuses on Sullivan's comments at the stockholders meeting and in the company lunchroom. Healey argues that these comments raise genuine issues of fact about the nature of his employment relationship with RPM. We disagree.

■ First, we examine whether Sullivan's statements implied an employment contract for a specific duration. In an at-will employment relationship, either the employer or employee may terminate the employee relationship for any reason which is not contrary to law. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150, paragraph one of the syllabus. Courts will presume that a contract terminable at will continues, unless the parties have clearly manifested their intent to bind each other in a different manner. *Belt v. Roadway Express, Inc.* (1992), 83 Ohio App.3d 706, 709, 615 N.E.2d 702, 704, citing *Henkel v. Educational Research Council* (1976), 45 Ohio St.2d 249, 255, 74 O.O.2d 415, 418, 344 N.E.2d 118, 122. A number of facts and circumstances could demonstrate that the parties intend to change the employment contract. These facts and circumstances include "the character of employment, custom, the course of dealing between the parties, company policy, or any other fact which might help to illuminate the question." *Belt v. Roadway Express, Inc., supra,* 83 Ohio App.3d at 708, 615 N.E.2d at 704, citing *Kelly v. Georgia–Pacific Corp.* (1989), 46 Ohio St.3d 134, 545 N.E.2d 1244, paragraph two of the syllabus.

Taken in isolation, the two statements on which Healey relies do not promise employment for a specific duration, or employment terminable only for just cause. The statements simply praise Healey for his work in the past, and speculate on Healey's future employment. " 'Standing alone, praise with respect to job performance and discussion of future career development will not modify the employment-at-will relationship.' " *Helmick v. Cincinnati Word Processing, Inc.* (1989), 45 Ohio St.3d 131, 543 N.E.2d 1212, paragraph three of the syllabus.

Further, Sullivan's two statements do not demonstrate a course of dealing between RPM and Healey that contemplates a change in Healey's at-will employment. This is especially true when one views the two statements in the context of Healey's thirty-eight-year employment with RPM. The trial court properly concluded that Sullivan's statements did not raise genuine issues of fact as to whether Healey's at-will employment contract had been modified.

■ We next turn to Healey's promissory estoppel claim. In limited circumstances, a court may apply the equitable doctrine of promissory estoppel to enforce a promise that does not meet the criteria of a formal contract. This court has recently annunciated the requirements for a successful promissory estoppel claim:

"To establish a claim based upon promissory estoppel, the plaintiff must demonstrate that there was a promise, clear and unambiguous in its terms; reliance by the party to whom the promise is made; that the reliance was reasonable and foreseeable; and that the party claiming estoppel was injured by the reliance." *Spangler v. Go–Jo Indus., Inc.* (Mar. 22, 1989), Summit App. No.

13853, unreported, at 8, 1989 WL 25692, citing *Cohen & Co. v. Messina* (1985), 24 Ohio App.3d 22, 26, 24 OBR 44, 48, 492 N.E.2d 867, 871.

In his appeal, Healey failed to present any evidence demonstrating that he relied on Sullivan's statements to his detriment. Moreover, Sullivan's statements do not specifically mention Healey's employment tenure. The statements were speculative, and would not induce a reasonable person to act or refrain from acting. The trial court properly found that no genuine issues of material fact remained as to Healey's promissory estoppel claim.

Appellant's assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and REECE, J., concur.