JOHNSON, Appellant,

v.

TANSKY SAWMILL TOYOTA, INC.; Huntington National Bank, Appellee.

[Cite as *Johnson v. Tansky Sawmill Toyota, Inc.* (1994), 95 Ohio App.3d 164.]

Court of Appeals of Ohio,
Franklin County.

No. 93APG12–1663.

Decided May 26, 1994.

*Phillip D. Cameron,* for appellant.

*William J. Mooney,* for Tansky Sawmill Toyota, Inc.

*Weltman, Weinberg & Associates Co., L.P.A., Allen J. Reis* and *Luann K. Snyder,* for appellee Huntington National Bank.

BOWMAN, Judge.

Appellant, Paul Johnson, appeals from a judgment of the Franklin County Municipal Court which dismissed his complaint and entered judgment in favor of appellee, Huntington National Bank ("HNB"). Appellant sets forth the following assignment of error:

"The trial court erred in sustaining Appellee Huntington National Bank's, hereinafter referred to as HNB, motion to dismiss following the Appellant's presentation of his evidence TT, P 109, 1 11–21 on the basis that Appellee HNB was not liable as a principal for the acts committed by its agents at Tansky Sawmill Toyota, Inc."

Johnson went to Tansky Sawmill Toyota, Inc. ("Tansky") to purchase a new car. Based on negotiations with the salesman, Johnson hoped to purchase the car for $18,950. Johnson was taken to the office of Rhonda Russell, an employee of Tansky, who was introduced to Johnson as the bank representative. Russell inquired as to whether Johnson had a bank he preferred to deal with and, based on his past dealings with HNB, Johnson expressed a preference for that bank. Based on her calculations, Russell told Johnson the cost of purchasing the car was $525 per month for sixty months. Johnson decided it was more than he would be able to pay and, as he started to leave the dealership, Russell suggested he consider leasing the car. In response to an inquiry from Johnson, Russell stated the cost of the car was the same whether it was purchased or leased, and calculated a sixty-month lease would require payments of $402.46 per month.

Johnson signed the lease for a 1989 Toyota with HNB as the lessor. The lease was signed on behalf of the lessor by Rhonda Russell, and below her signature appears the printed word "title" above which was written "agent." [1] Midway through the lease, Johnson decided to purchase the car and when he received the title from the bank, discovered the purchase price upon which the lease payments

---

1. Although the signature is illegible, no one argues that the lease was not signed by Russell.

were based was apparently $26,000, not $18,950, which Johnson understood to be the purchase price. After further investigation, Johnson determined that Russell had miscalculated the monthly payments for purchase of the car and that the correct monthly payments would have been $414.

Johnson filed suit against Tansky and HNB, alleging fraud and a violation of the Consumer Sales Practices Act. At the conclusion of Johnson's case, the court entered a verdict for the bank.[2]

Appellant contends the trial court erred in granting judgment for the bank at the close of his case. Appellant argues there was sufficient evidence to show Russell was an agent of the bank and that the bank was liable for her fraudulent conduct.

In its entry, the trial court stated:

" * * * The Court, after weighing the evidence as required under Civ.R. 50(A)(4), found in favor of the defendant and dismissed plaintiff's claim due to a lack of evidence to support it."

In a trial to a court without a jury, a motion for judgment by a defendant at the close of plaintiff's case is one for dismissal, pursuant to Civ.R. 41(B)(2) and not for a directed verdict, pursuant to Civ.R. 50(A)(4). The distinction is critical because there are two different tests to be utilized by the court. Pursuant to Civ.R. 41(B)(2), the trial court is the trier of fact and is to weigh the evidence. A dismissal pursuant to Civ.R. 41(B)(2) will not be set aside unless it is incorrect as a matter of law or is against the manifest weight of the evidence.

Following a motion for a directed verdict, pursuant to Civ.R. 50(A)(4), the test is whether, construing the evidence most strongly in favor of the party against whom the motion is made, the court finds reasonable minds could come to only one conclusion which is adverse to the non-moving party. Under Civ.R. 50, the court is not the trier of fact and does not weigh the evidence. Appellant, however, has not assigned as error whether the trial court applied the correct standard in sustaining the bank's motion and, inasmuch as the court in its judgment entry stated it weighed the evidence, for purposes of this appeal, we will treat the court's dismissal as one pursuant to Civ.R. 41(B)(2).

Generally, an agency relationship is a contractual relationship created by agreement, either express or implied, between the parties; however, an agency relationship may also be created if the principal, in this instance the bank,

---

**2.** Prior to trial, Johnson entered into a settlement agreement with Tansky and it is not part of the appeal.

causes or allows a third person, Russell, to act as an apparent agent. To establish such a relationship, it must be shown that the principal held the agent out to the public as possessing sufficient authority to act on its behalf and the person dealing with the agent believed the agent possessed the necessary authority. *Irving Leasing Corp. v. M & H Tire Co.* (1984), 16 Ohio App.3d 191, 16 OBR 205, 475 N.E.2d 127.

In this instance, we find that, at the close of appellant's case, there was sufficient evidence to show the existence of at least an apparent agency relationship between Tansky's employee Russell and the bank. Russell was authorized to sign a lease on behalf of the bank with the title clearly designating her as the bank's agent, not Tansky's agent. The lease carried HNB's logo and showed HNB as the lessor. Acceptance or rejection of the lease was a decision by HNB, not Tansky. There is no evidence anyone ever told or indicated to Johnson that Russell was not an agent of HNB.

Although the parties in their briefs and oral argument confined their argument mainly to the issue of agency, the trial court did not specifically base its decision on a finding that Russell was not an agent of the bank. In its decision from the bench, the court stated:

"THE COURT: Regrettably for Mr. Johnson, I cannot agree. And I do feel sorry for Mr. Johnson, because, apparently, mistakes were made here which resulted in some financial disadvantage to him."

In the judgment entry, the court stated only that it was dismissing plaintiff's claim due to a lack of evidence to support it, and the trial court could have premised its finding on insufficient evidence of fraud. The elements of fraud are a misrepresentation or, where there is a duty to disclose, concealment of a fact, which is material to the transaction at hand, made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false, that knowledge may be inferred, with the intent of misleading another into relying upon it, justifiable reliance upon the representation or concealment, and a resulting injury proximately caused by the reliance. *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 23 OBR 200, 491 N.E.2d 1101.

Upon a review of the record, we find there is insufficient evidence that Russell made a false statement or intended to mislead Johnson. There appears to be little doubt that, if Russell had calculated the monthly payments based on a proposed purchase price of $18,950, the payments would have been $414, rather than $525 quoted by Russell, and Johnson would have purchased rather than leased the car. However, no evidence was presented as to how the miscalculation in monthly payments was made, or that the miscalculation was made with any

intent to mislead Johnson. Thus, for example, there was no evidence as to whether the purchase price given to Russell on which to base her calculations of monthly payments was $18,950 as negotiated by Johnson, or whether the salesman gave her an incorrect price, or whether Russell merely hit the wrong numbers on the computer. Regardless, in the absence of other evidence, mere evidence of a mathematical miscalculation is not evidence of fraud.

For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and CLOSE, J., concur.