Plaintiff-appellant, Law-Bren, Inc. ("Law-Bren"), appeals from a decision of the Clermont County Court of Common Pleas that dismissed its action against defendants-appellees, Domain, Inc. ("Domain") and Michael J. Hancock. We affirm.
New Horizon Builders, Inc. ("New Horizon"), was incorporated in 1982 and is in the business of home construction. Hancock purchased New Horizon in 1988 and is the president, sole director and sole shareholder of the corporation. Hancock also purchased Domain in 1988 and is the president, sole director and sole shareholder of the corporation. Domain owns real estate and finances construction that is performed by New Horizon.
Law-Bren is a corporation that is in the business of landscaping. In approximately 1990, Law-Bren began contracting with New Horizon to perform landscaping services for homes constructed by New Horizon. The relationship between Law-Bren and New Horizon continued for several years until New Horizon failed to pay nine invoices that were issued by Law-Bren for services rendered between December 1994 and September 1995. On July 11, 1997, Law-Bren filed a complaint against New Horizon, Domain and Hancock to recover the money due under the outstanding invoices.
A bench trial was commenced on June 3, 1998. At the close of Law-Bren's case in chief, the trial court dismissed Law-Bren's action against Hancock and Domain. The trial court found that Domain never contracted with Law-Bren for its services and that the evidence presented was insufficient to pierce the corporate veil and hold Hancock individually liable for the money owed to Law-Bren. At the close of trial, the trial court entered judgment against New Horizon in the amount of $22,545.80.
On appeal, Law-Bren assigns a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT IN GRANTING DIRECTED VERDICT TO DOMAIN, INC. AND TO MICHAEL J. HANCOCK, INDIVIDUALLY.
Law-Bren argues that the trial court erred by granting a "directed verdict" to Domain and Hancock. However, "[i]n a trial to a court without a jury, a motion for judgment by a defendant at the close of plaintiff's case is one for dismissal, pursuant to Civ.R. 41(B)(2) and not for a directed verdict, pursuant to Civ.R. 50(A)(4)." Johnson v. TanskySawmill Toyota, Inc. (1994), 95 Ohio App.3d 164, 167. See, also, Bank One Dayton, N.A. v. Doughman (1988), 59 Ohio App.3d 60.
Civ.R. 41(B)(2) provides in part:
 Dismissal; non-jury action. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.
When a motion to dismiss is made pursuant to Civ.R. 41(B)(2), a trial court is the trier of fact and may weigh the evidence.Johnson at 167. A trial court's dismissal pursuant to Civ.R. 41(B)(2) will not be reversed on appeal unless it is erroneous as a matter of law or against the manifest weight of the evidence. Id. Since the standard for dismissal pursuant to Civ.R. 41(B)(2) is less stringent than the standard for a directed verdict and Law-Bren has not assigned the standard utilized by the trial court as error, we will address the trial court's dismissal as one made pursuant to Civ.R. 41(B)(2). Seeid.
Law-Bren argues that it presented sufficient evidence to "pierce the corporate veil" of New Horizon and hold Domain and Hancock liable for the debts of New Horizon. Generally, a corporation is a separate legal entity from its shareholders, and the corporation, not the shareholders, are liable for the debts of the corporation. Belvedere Condominium Unit Owners'Association v. R. E. Roark Companies, Inc. (1993), 67 Ohio St.3d 274,287. However, an exception to this general rule allows creditors of a corporation to pierce the corporate veil and hold individual shareholders liable for the debts of the corporation where the shareholders have used the corporate entity for criminal or fraudulent purposes. Id. In Belvedere, the Supreme Court of Ohio set forth the test for piercing the corporate veil at paragraph three of the syllabus as follows:
 The corporate form may be disregarded and individual shareholders held liable for wrongs committed by the corporation when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.
In the present case, Law-Bren failed to produce evidence required to pierce the corporate veil and hold Hancock and/or Domain liable for the debts incurred by New Horizon. Specifically, Law-Bren failed to satisfy the second element set forth in Belvedere and show that Hancock exercised control over New Horizon and Domain in such a manner as to commit fraud or an illegal act against Law-Bren.
Hancock exercised control over both New Horizon and Domain, but this fact is insufficient to impose liability on Hancock. See id. at 289. The record shows that all the contracts for the landscaping services were entered into between Law-Bren and New Horizon, not Hancock or Domain. The record does not indicate Law-Bren was deceived about the identity of these parties. Law-Bren sent all the invoices for services to New Horizon.
New Horizon contracted to build all the houses and Domain never assumed that role. Instead, Domain owns real estate and finances construction for New Horizon. Law-Bren's president, Larry Motz, acknowledged that Hancock did not intend to defraud him by paying with checks drawn from an account belonging to Domain. Indeed, the checks were stamped as payment by New Horizon. Motz further acknowledged that Hancock, operating as New Horizon, entered into the contracts with Law-Bren with the intent to pay for the services but were unable to due to financial difficulty. Hancock testified that when he signed checks to pay the invoices, he signed in his corporate capacity.
Law-Bren produced some evidence that Domain owned some of the property where homes were constructed by New Horizon and Law-Bren performed services for New Horizon. However, there was no evidence presented as to how this fact defrauded Law-Bren. The record does not show that money was transferred fraudulently from New Horizon to Domain to avoid paying creditors. In fact, the evidence presented indicates that neither New Horizon nor Domain had any significant assets. There was no credible evidence that Domain was intentionally undercapitalized in order to commit a fraud upon potential creditors.
Based upon the foregoing, we conclude that the trial court's decision was not erroneous as a matter of law nor was it against the manifest weight of the evidence. Accordingly, the trial court did not err by dismissing Domain and Hancock and the assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.