[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Herbert Washington appeals from the trial court's judgment adopting the decision of the magistrate granting defendant-appellee the city of Cincinnati's motion for dismissal under Civ.R. 41(B)(2), on Washington's claims against the city stemming from its disallowance of his participation in the Rental Rehabilitation Program (RRP), a program designed to promote the rehabilitation of low-income housing within the city by providing financial assistance, in the form of forgivable loans, to qualified property owners engaged in the rehabilitation of such properties.
Although Washington had previously been employed by the city as manager of RRP, at all times relevant to this case, he was employed by the city as a community-development analyst. In 1994, he approached Wayne Chapman, director of the department within the city charged with administering RRP, regarding the possibility of participating in the program. Because Chapman was concerned that Washington's employment with the city could pose potential ethical and legal obstacles to his ability to participate in the program, Chapman sought an opinion from the city solicitor on the issue. In response, the city solicitor's office issued an opinion letter concluding that Washington would not be prohibited from participating in RRP so long as he satisfied the criteria set forth in R.C. 2921.42, the provision of Ohio law that governs the legality of a city employee's participation in a program such as RRP.
In February 1995, Washington located two apartment buildings that were for sale and in need of rehabilitation. Believing that the city might loan him funds through RRP to assist in the rehabilitation of these buildings, Washington entered into a contract to purchase the rental properties, but made the agreement contingent upon his receipt of a loan from RRP. On March 3, 1995, Washington submitted his application to RRP. Six days later, he received a letter from the city informing him that RRP was "prepared to loan [him] up to $169,000 to rehab" the two units. The letter stated, however, that the loan was contingent upon Washington's obtaining a separate commitment to finance the remaining rehabilitation costs, his proof of hazard, title, and liability insurance, and his submission of an after-rehabilitation appraisal of the properties. Later that same month, Chapman was notified by the city manager that, because Washington was a city employee, his application to participate in RRP was to be terminated. Washington was initially notified verbally that his application had been terminated but was again notified in writing on March 30, 1995.
In May 1996, Washington filed suit against the city, alleging that its termination of his application violated the retroactive-laws prohibition and the Equal Protection Clause of the United States Constitution, as well as Section 1983, Title 42 U.S. Code. He also asserted claims for breach of contract and promissory estoppel.
The matter went to trial in February 1998. At the close of Washington's case, the city moved for dismissal under Civ.R. 41(B)(2). The magistrate declined to rule on the motion until the close of all evidence. Upon completion of the trial, the magistrate issued a decision granting the city's motion for dismissal of all of Washington's claims. In response to Washington's request, the magistrate later journalized an amended decision that included findings of fact and conclusions of law. Washington then filed objections to the magistrate's amended decision. By entry dated January 27, 1999, the trial court overruled Washington's objections and adopted the magistrate's amended decision. This appeal followed.
In the two assignments of error raised, Washington contends that the trial court erred in granting the city's motion for dismissal pursuant to Civ.R. 41(B)(2). We disagree.
A motion for dismissal of the plaintiff's case under Civ.R. 41(B)(2) allows the trial court to weigh the evidence, resolve any conflicts therein, and render judgment for the defendant if the plaintiff has shown no right to relief. A dismissal pursuant to this rule will be set aside only if erroneous as a matter of law or against the manifest weight of the evidence.[1] Having reviewed the record in this matter, we conclude that the trial court's dismissal of Washington's claims was neither incorrect as a matter of law nor against the weight of the evidence. We, therefore, affirm the trial court's judgment. Our reasoning in support of this conclusion is set forth below in relation to each of Washington's claims.
CONTRACT CLAIM
Washington alleged that the city's issuance of the commitment letter created a contract whereby it was obligated to loan him funds through RRP, and that the city's subsequent termination of his application resulted in a breach of that contract. Even if we accept this argument as correct, for the reasons detailed below, we nevertheless conclude that Washington was not entitled to enforce the contract.
The trial testimony established that the city typically issued RRP commitment letters only at the request of an applicant. And when such a letter was requested, unless the applicant qualified for certain tax abatements (which Washington did not), the letter would not be issued until the city's building department and consulting architect conducted a preliminary inspection of the property to determine the merit and feasibility of the proposed renovation. Completion of this inspection would take approximately 60 to 90 days. In Washington's case, however, a commitment letter was issued within only six days of the receipt of his application and without the completion of the preliminary inspection process. Based on these facts, the trial court concluded that Washington had employed the influence of his position with the city to secure the commitment letter, that the transaction had not been conducted at arms length, and that, therefore, R.C. 2921.42's requirements had not been satisfied.
Having reviewed the record, we are unable to conclude that the trial court's factual determinations were against the weight of the evidence. Furthermore, we conclude that, based on its factual determinations, the trial court did not err as a matter of law in finding that Washington had not satisfied the requirements R.C. 2921.42.[2] The trial court, therefore, correctly dismissed the breach-of-contract claim given that performance of the contract had been rendered illegal.[3]
PROMISSORY-ESTOPPEL CLAIM
Washington alleged that, because he relied in good faith upon the city's promise to grant him a loan through RRP, the city was estopped from discontinuing his application. Washington, however, failed to demonstrate that the city's alleged promise induced any action or forbearance on his part during the period of time between the issuance of the commitment letter and the termination of the application. Rather, the evidence demonstrated that he had entered into the contract to purchase the propertiesprior to submitting his application and had not yet secured private financing or entered into any other financial commitments related to the properties' rehabilitation when his application was terminated. Because Washington presented no evidence of detrimental reliance, an essential element of a claim for promissory estoppel, the trial court properly dismissed his claim.[4]
EQUAL-PROTECTION CLAIM
Washington alleged that the city violated the Equal Protection Clause when it prohibited him from participating in RRP, but later permitted Michael Fehn, another city employee, to participate in a similar program. The evidence presented at trial demonstrated, however, that Fehn, like Washington, was notified that he was ineligible to participate in the program based on his status as a city employee. And, despite attempts to obtain an exemption, Fehn was never granted participation in the program. Accordingly, Washington failed to demonstrate that the city's policy against permitting employees to participate in city-sponsored housing programs was applied disparately. For this reason, the trial court properly dismissed his equal-protection claim.
REMAINING CLAIMS
Insofar as Washington's Section 1983 and retroactive-law claims were dependent upon a demonstration that Washington's expectation of participation in RRP constituted a vested right or property interest, the fact that his own actions caused his participation in the program to become illegal renders these claims meritless. The trial court, therefore, properly dismissed them.
For these reasons, we affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] See Bank One v. Doughman (1998), 59 Ohio App.3d 60,571 N.E.2d 442; Johnson v. Tansky Sawmill Toyota Inc. (1994),95 Ohio App.3d 164, 642 N.E.2d 9.
[2] See R.C. 2921.41(A)(1) and (C)(4).
[3] See Massillon Savings and Loan Co. v. Imperial Finance Co. (1926), 114 Ohio St. 523, 151 N.E. 645.
[4] Healey v. Republic Powdered Metals, Inc. (1992), 85 Ohio App.3d 281,619 N.E.2d 1035; Weiper v. W.A. Hill Assocs. (1995),104 Ohio App.3d 250, 661 N.E.2d 796.