JOURNAL ENTRY AND OPINION
Plaintiff Michael A. Shore appeals from the judgment of the trial court which dismissed his claim against his former lessee Best Cuts, Inc. for money allegedly due under a lease agreement. For the reasons set forth below, we affirm.
In June 1986, Shore leased his property located at 5066 Turney Road in Garfield Heights to Best Cuts, Inc. (Best Cuts). In relevant part, the lease provided:
 HOLDOVER-Should the LESSEE remain in possession of said PREMISES after the date of the expiration of this Lease without the consent of the LESSOR, then, unless a new Agreement in writing shall have been entered into between the parties hereto, the LESSEE shall be a LESSEE from month-to-month, and such tenancy shall be otherwise subject to all the covenants and conditions of this Lease, except that the rent shall be at double the monthly rate set forth in Item 4 of this Lease. If the PREMISES are not surrendered at the end of the lease term, the LESSEE shall indemnify and hold harmless the LESSOR against and from any loss or liability resulting therefrom, including any claims made by any succeeding LESSEE founded upon such delay. (Plaintiff-Appellant's Exhibit A, Tr. 10 and 11.) On December 16, 1998, plaintiff filed a complaint against Best
Cuts and alleged that Best Cuts owed him $33,719.08 pursuant to the double rent portion of this provision. On March 30, 1999, Best Cuts denied liability in an answer filed instanter and the matter proceeded to trial before the court on November 3, 1999.
For his case, plaintiff testified that the original lease term expired on July 31, 1996 and that Best Cuts continued to occupy the premises. The parties negotiated a new lease but the negotiations subsequently terminated without the parties entering into a new agreement. Thereafter, Best Cuts continued to pay the original rental amount, and beginning in September 1996, plaintiff sent Best Cuts monthly invoices for the balance due. Plaintiff's evidence further demonstrated that Best Cuts occupied the premises until December 1998.
Plaintiff stated, however, that he could not recall ever notifying Best Cuts that it was occupying the premises without his consent and he also admitted that in earlier drafts of the lease agreement (which were rejected during negotiations), the double rent provision applied for any holdover by Best Cuts, regardless of whether Best Cuts remained in possession with or without the consent of the lessor.
The trial court subsequently determined that plaintiff failed to demonstrate that Best Cuts occupied the premises without his consent at the expiration of the original lease term. The court entered judgment for Best Cuts at the close of plaintiff's case. Plaintiff now appeals and assigns three errors for our review.
Plaintiff's first assignment of error states:
 THE TRIAL COURT'S DECISIONS TO DENY THE PLAINTIFF-APPELLANT'S MOTION FOR A DEFAULT JUDGMENT AND CONSEQUENTLY GRANT THE DEFENDANT-APPELLEE'S MOTION FOR LEAVE TO FILE ANSWER INSTANTER CONSTITUTE REVERSIBLE ERROR.
Within this assignment of error, plaintiff contends that the trial court erred in refusing to grant him a default judgment since Best Cuts failed to submit its answer within 28 days, as required by Civ.R. 12(A)(1).
Civ.R. 55(A) provides in pertinent part:
 When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties. (Emphasis added.)
A trial court's ruling on a motion for default judgment will not be reversed absent an abuse of discretion. See Davis v. Immediate Med. Serv., Inc. (1997), 80 Ohio St.3d 10, 14. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Rock v. Cabral (1993), 67 Ohio St.3d 108, 112; Blakemore v. Blakemore (1983)5 Ohio St.3d 217, 219.
In this instance, we are unable to conclude that the trial court abused its discretion since the undisputed reason for the late action was that the parties were attempting to settle the matter.[1] Further, defendant's delay in submitting its answer was not inordinately long.
The first assignment of error is without merit.
Plaintiff's second assignment of error states:
 THREE OF THE TRIAL COURT'S DECISIONS PERTAINING TO DISCOVERY MATTERS CONSTITUTE REVERSIBLE ERROR.
Plaintiff next asserts that the trial court erred in denying his motion to compel answers to interrogatories, erred in connection with its rulings made in connection with plaintiff's request for admissions, and erred by permitting Best Cuts to introduce into evidence the drafts of the lease which were rejected during the parties' initial negotiations.
The trial court has broad discretion in controlling the discovery process. Stegawski v. Cleveland Anesthesia Group, Inc. (1987),37 Ohio App.3d 78, 85. An appellate court may not disturb the trial court's decision on discovery matters absent an abuse of that discretion. Vinci v. Ceraolo (1992), 79 Ohio App.3d 640, 646.
In this instance, there is no indication the trial court abused its discretion in connection with the challenged rulings. This matter concerned the sole question of whether Best Cuts continued to occupy the premises as holdover tenants without the consent of plaintiff, and whether the double rent provision was thereby triggered. The items which plaintiff attempted to obtain had no bearing upon this central question and were unduly burdensome. Further, the drafts of the lease which were rejected by the parties in negotiations are extremely relevant to the meaning of the double rent provision.
The second assignment of error is without merit.
Plaintiff's third assignment of error states:
 THE TRIAL COURT'S DECISION TO GRANT THE DEFENDANT-APPELLEE'S MOTION FOR DISMISSAL PURSUANT TO RULE 41(B)(2) OF THE OHIO RULES OF CIVIL PROCEDURE CONSTITUTES REVERSIBLE ERROR.
Plaintiff next asserts that the trial court erred in entering judgment for Best Cuts at the close of his case.
The record demonstrates that the within action was tried to the court without jury. Thus, the trial court's action on Best Cut's motion for dismissal is governed by Civ.R. 41(B)(2) which provides:
 After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52[2] if requested to do so by any party.
In Johnson v. Tansky Sawmill Toyota, Inc. (1994), 95 Ohio App.3d 164,167, this Court stated:
 Pursuant to Civ.R. 41(B)(2), the trial court is the trier of fact and is to weigh the evidence. A dismissal pursuant to Civ.R. 41(B) (2) will not be set aside unless it is incorrect as a matter of law or is against the manifest weight of the evidence.
In this case, the evidence, including plaintiff's own admissions, failed to demonstrate that Best Cuts occupied the premises without his consent and therefore failed to demonstrate that the double rent provision of the lease was applicable herein. We are therefore unable to conclude that the trial court erred in dismissing the action pursuant to Civ.R. 41(B)(2).
The third assignment of error is without merit.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
 _________________________________ ANN DYKE, ADMINISTRATIVE JUDGE
KENNETH ROCCO, J., AND ANNE L. KILBANE, J., CONCUR.
[1] In this connection, although plaintiff asserts that the trial court made improper ex parte communications with counsel for Best Cuts, the record reveals only that there were some attempts to contact the parties and that there were difficulties scheduling pretrials and hearings.
[2] Plaintiff asserted that the trial court failed to prepare findings of fact and conclusions of law in this instance but this contention is refuted by the record. This claim is accordingly without merit. L.A.D. v. Bd. Of Commrs. (1981), 67 Ohio St.2d 384, 388.