DECISION AND JUDGMENT ENTRY
This is an appeal from a summary judgment issued by the Lucas County Court of Common Pleas to a limited liability engineering firm and its members in a wrongful discharge suit. Because we conclude that the terminated member of the firm failed to come forth with sufficient evidence to establish an employment contract or fraud, we affirm.
Appellant, Roger P. Baker, is a registered civil engineer and surveyor who, in 1964, joined the predecessor of appellee Jones and Henry Engineers, Ltd. In 1976, he obtained an equity position in the firm. In 1995, when Jones and Henry reorganized into an Ohio limited liability company, appellant's ownership interest in Jones and Henry continued as the third largest membership interest in the new entity.
On July 6, 1998, nine[1] of the company's eleven members (owners) voted to terminate appellant's employment and demanded that he resell his membership share to the company, pursuant to the terms of the 1995 limited liability "operating agreement." On November 9, 1998, appellant sued Jones and Henry and the nine firm members who voted to oust him, alleging wrongful termination by virtue of (1) a breach of an express or implied contract; (2) promissory estoppel; (3) a violation of public policy; and (4) fraud. Appellant also filed a separate declaratory judgment action seeking to void a noncompete clause contained in the operating agreement. This latter suit was eventually consolidated into the present matter.
Following extended discovery, appellees moved for summary judgment, asserting that appellant could not come forth with sufficient evidence to engender a triable issue and that they were entitled to judgment as a matter of law. In the end, the trial court ruled in favor of appellees, concluding that appellant failed to come forth with evidence sufficient to create a triable issue of fact on any of his principal claims. The court further concluded that the noncompete agreement question was moot by virtue of the expiration of the noncompete period.[2]
From this judgment, appellant now brings this appeal, setting forth the following four assignments of error:
"FIRST ASSIGNMENT OF ERROR:
 "THE COMMON PLEAS COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST APPELLANT BY CONCLUDING THAT HE WAS NOT WRONGFULLY TERMINATED AS AN EMPLOYEE AND MEMBER OF JONES HENRY, IN BREACH OF AN EXPRESS OR IMPLIED CONTRACT OF EMPLOYMENT
"SECOND ASSIGNMENT OF ERROR:
 "THE COMMON PLEAS COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST APPELLANT BY CONCLUDING THAT REASONABLE MINDS COULD ONLY CONCLUDE THAT APPELLANT COULD NOT PREVAIL ON HIS PROMISSORY ESTOPPEL THEORY
"THIRD ASSIGNMENT OF ERROR:
 "THE COMMON PLEAS COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST APPELLANT BY CONCLUDING THAT APPELLANT'S TERMINATION WAS NOT IN VIOLATION OF PUBLIC POLICY.
"FOURTH ASSIGNMENT OF ERROR:
 "THE COMMON PLEAS COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST APPELLANT BY CONCLUDING THAT THERE ARE NO GENUINE ISSUES OF FACT THAT APPELLEES HAD FRAUDULENTLY CONSPIRED AGAINST APPELLANT OR THAT HE HAD SUSTAINED ANY DAMAGES."
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated
 "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(E).
When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler (1988),38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell V. Interim Personnel,Inc.(1999), 135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
 I. Express/Implied Contract
In his first assignment of error, appellant claims that the trial court's determination that he failed to present evidence of a breach of an express or implied contract was erroneous.
Absent an employment contract, an employee is considered an employee-at-will and may be terminated at any time for any lawful reason or no reason at all. Mers v. Dispatch Printing Co. (1985),19 Ohio St.3d 100, at fn. 1, citing Henkel v. Educational ResearchCouncil (1976), 45 Ohio St.2d 249, 255. The legal effect of an express contract and an implied contract is identical. The only distinction between the two is the manner in which an assent to the contract is manifested. Penwell v. Amherst Hospital (1992), 84 Ohio App.3d 16, 21. In either case, the burden is upon the party asserting the existence of an employment contract to prove each element necessary for the formation of the contract. Id. The elements of a contract are mutual assent, generally offer and acceptance, and consideration. Moreover, the party on whom the burden of proof rests must also show that there was a "meeting of minds" and that the essential terms of the contract are definite.Nilavar v. Osborn (1998), 127 Ohio App.3d 1, 11-12.
Appellant premises his assertion that appellee was contractually obligated to retain him on paragraph one of the 1995 "Membership Interest Subscription" agreement and paragraph 6.6 of the coincidental "Jones and Henry Engineers, LTD. Operating Agreement."[3] Both provisions contain the phrase "long-term investment" which appellant interprets as evidence that the subscribing members intended that each would be entitled to employment until the member voluntarily left the firm or retired. The phrase is the subject of dueling affidavits by business law experts as to its purpose, but neither expert, nor anyone else, adopts appellant's interpretation that the clause was intended as a promise of lifetime employment. For this reason, we must conclude, as did the trial court, that appellant failed to present evidence of the existence of an express or implied contract sufficient to create a triable question. Accordingly, appellant's first assignment of error is not well-taken.
 II. Promissory Estoppel/Public Policy
In the remainder of his assignments of error, appellant attempts to insinuate the facts, as he has been able to marshal, into one of the recognized exceptions which courts have carved out of the employment-at-will rule.
In his second assignment of error, appellant asserts that the doctrine of promissory estoppel should be employed to negate his employment-at-will status. Promissory estoppel, however, requires, among other things, a promise, clear and unambiguous in its terms. Healey v.Republic Powdered Metals, Inc. (1992), 85 Ohio App.3d 281, 284. The record is devoid of any such promise. Accordingly, appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant insists his termination was in violation of public policy. An at-will employee may not be terminated for reasons prohibited by statute or in violation of public policy.Greeley v. Miami Valley Maintenance Contractors (1990), 49 Ohio St.3d 228, paragraph two of the syllabus. Appellant insists that in his capacity as treasurer of Jones and Henry, he uncovered numerous instances of fiscal misbehavior at the firm. According to appellant, when he complained to the firm's officers about this wrongdoing, he was ignored and eventually fired.
In response to this allegation, appellees submitted the affidavits of every other member of the firm, including the member who voted not to terminate appellant. All averred that they did not believe the firm was guilty of any fiscal or ethical improprieties and the reasons for appellant's termination were in no way related to any allegations he may have made.
In his memorandum in opposition to summary judgment, appellant conceded that he has no direct evidence linking his complaints and his termination, but that there was "substantial credible circumstantial evidence." However, beyond the fact that he complained and that he was terminated, appellant fails to articulate what this circumstantial evidence is. Neither does he clearly articulate a statute or a public policy violated by his termination or show that his termination was caused by his complaints. Consequently, when challenged, he has failed to come forth with evidence sufficient to create a triable issue on the public policy exception to the at-will doctrine. See Collins v. Rizkana (1995),73 Ohio St.3d 65, 69-70.
Accordingly, appellant's third assignment of error is not well-taken.
 III. Conspiracy/Fraud
In his remaining assignment of error, appellant asserts that the trial court erred in rejecting his allegation that other members of the Jones and Henry firm conspired to defraud him. Appellant contends the members conspired to fire him, to deny him the promised position of chief operating officer, to devalue his distribution share by amending the operating agreement to eliminate a guaranteed minimum unit value for his shares and by overfunding the firm's pension fund.
As the trial court properly noted, in Ohio there is no separate tort of conspiracy. Putka v. First Catholic Slovak Union (1991),75 Ohio App.3d 741, 750. A conspiratorial relationship is only relevant if the conspirators combined together to commit some act which is independently tortious. Minarik v. Nagy (1963), 8 Ohio App.2d 194, 196; see, also, Keeton, Prosser and Keaton on Torts (5 Ed. 1984), 322-324. In this matter, the only tort alleged is fraud.
In order to prove fraud, a plaintiff must demonstrate that (1) there was a representation or, where there is a duty to disclose, a concealment of a fact, (2) material to the transaction at hand, (3) falsely made, with knowledge of its falsity or with such utter disregard to truth or falsity that knowledge may be inferred, (4) with the intent to mislead another, (5) who justifiably relies on the representation or concealment, (6) with resultant injury. Shover v. Cordis Corp. (1991),61 Ohio St.3d 213, fn. 2, overruled on other grounds Collins v. Stoka
(1998), 81 Ohio St.3d 506, citing Burr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus.
Initially, we note that appellant's complaint contains no allegations that the appellees conspired to get rid of him. Moreover, statements from two other members that "we have wanted to do this for ten years" have no significance in the context of a fraud allegation. Even had several other members actively worked to cause appellant's dismissal, a scenario for which there is no evidence, absent some false representation such efforts are not actionable.
Appellant's allegation that he was promised the position of chief operating officer was made prior to the 1995 operating agreement which specifically disclaims any presentment made prior to its execution. The unrefuted evidence is that the devaluation of the shareholders' minimum unit value was a unanimous decision, made on appellant's own motion. Consequently, neither of these events contain any element of misrepresentation. With respect to the purportedly overfunded pension fund, appellant presents no evidence that this condition is the result of an act which might contain any of the elements of fraud.
Accordingly, appellant's fourth assignment of error is not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
 ___________________ James R. Sherck, J.
Mark L. Pietrykowski, P. J., Melvin L. Resnick, J. CONCUR.
[1] Voting to dismiss appellant were appellees Felix F. Sampayo, Dale C. Hollopeter, Franz Morsches, Steven L. Wordelman, Joseph A. Hotz, Prems Gupta, Daniel Miller, Clifford M. Gordon and Brian Houghton.
[2] The court's decision on the noncompete issue is not before us.
[3] Paragraph one of the subscription agreement provides:
 "(1) The undersigned are purchasing for long-term investment purposes, not with a view to the resale, and intend to hold the Membership Interest for investment for the Members' own account and do not intend to dispose of the Membership Interest or any interest therein."
Paragraph 6.6 of the operating agreement states:
 "6.6 Securities Disclosures. Each Member represents to the others that the Member has purchased or holds a Membership Interest for long-term investment purposes, not with a view to the resale, and intends to hold the Membership Interest for investment for the Member's own account and does not intend to dispose of the Membership Interest or any interest therein. Each Member represents to the others that before any effort is made to make any distribution of a Membership Interest, the Member will review this desire with the Company and all of the Members. If requested by the other Members, such sale may not be completed until the Member obtains an opinion of legal counsel hired by the Company that the proposed sale would not result in a violation of the Securities Act of 1933, as amended, or the laws of the State of Ohio. Each Member represents to the other that the Member is aware that such a sale may require a registration statement under the Securities Act of 1933 or the laws of the State of Ohio."