DECISION
Appellant, Selina R. Miller, appeals from a judgment of the Ohio Court of Claims that sustained the motion of appellee, state of Ohio, for an involuntary dismissal, pursuant to Civ.R. 41(B)(2), and sets forth the following assignment of error:
 THE COURT ERRED IN GRANTING DEFENDANT-APPELLEES MOTION TO DISMISS IN LIGHT OF PLAINTIFF-APPELLANT SELINA MILLER POINTING OUT THAT GENUINE ISSUES AS TO MATERIAL FACT DOES [sic] EXIST WHENEVER PLEADINGS, AFFIDAVITS, DEPOSITION AND INTERROGATORIES ARE IN CONFLICT.
Appellant filed a complaint against numerous employees of the Ohio Board of Regents alleging defamation, invasion of privacy and civil conspiracy. Following a trial, the Ohio Court of Claims dismissed her complaint, pursuant to Civ.R. 41(B)(2), which provides as follows:
 (2) Dismissal; non-jury action. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52 if requested to do so by any party.
A motion made pursuant to Civ.R. 41(B)(2) permits the trial court to weigh evidence, to resolve conflicts in evidence and to grant judgment to a defendant if the plaintiff has not shown a right to relief. Bank One, Dayton, N.A. v. Doughman (1988), 59 Ohio App.3d 60. Dismissal pursuant to Civ.R. 41(B)(2) will not be set aside on appeal unless it is incorrect as a matter of law or against the manifest weight of the evidence. Johnson v. Tansky Sawmill Toyota, Inc. (1994), 95 Ohio App.3d 164.
In this instance, the trial court issued a decision which set forth the elements of each cause of action asserted by appellant in her complaint, as well as the evidence on which the court relied to support those findings. At oral argument, appellant raised other issues which she alleges were not addressed by the trial court, but such issues were not raised in her complaint.
Appellant has failed to file a transcript of the trial or a statement of the evidence pursuant to App.R. 9(C). In Columbus v. Hodge (1987),37 Ohio App.3d 68, at 68-69, this court held:
 The duty to provide a transcript for appellate review falls upon the appellant. This is so because an appellant bears the burden of showing error by reference to the matters in the record. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's proceedings and affirm. * * * In addition, in the absence of all the relevant evidence, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court. It is the appellant's responsibility to include all the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court. * * *
The evidence cited by the trial court in its decision amply demonstrates that appellant failed to present sufficient evidence to support her claims against appellee. In the absence of a transcript or App.R. 9(C) statement, this court cannot say the decision to grant appellant's motion for dismissal, pursuant to Civ.R. 41(B)(2), was incorrect as a matter of law or against the weight of the evidence and we must presume the validity of the judgment of the trial court.
Appellant's assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
TYACK, P.J., and PETREE, J., concur.