OPINION
{¶ 1} Plaintiff-appellant, Muhanad N. Sharaf, appeals from a judgment of the Franklin County Municipal Court granting judgment in favor of defendant-appellee, James Youngman, M.D., on appellant's claims against appellee. Because appellant failed to present sufficient evidence on the issue of causation, we affirm that judgment.
 {¶ 2} By complaint filed November 23, 2001, appellant alleged that appellee wrongfully and inaccurately wrote in an evaluation report ("report") that appellant had a history of Hepatitis B. Thereafter, appellee sent the report to appellant's insurance company, Golden Rule Insurance Company ("Golden Rule"). Appellant further alleged that Golden Rule cancelled his insurance coverage due to the notation in appellee's report that appellant had a history of Hepatitis B. Appellant sought an order compelling appellee to delete the reference in the report to Hepatitis B, as well as monetary damages.
 {¶ 3} On November 18, 2002, the matter was tried to the court. Appellant appeared pro se. Appellant first called appellee to testify. Appellee testified that appellant told him during a May 16, 2000 office visit that appellant had a history of Hepatitis B. Therefore, appellee included that information in his report. Appellee admitted that he did not know if appellant actually ever had Hepatitis B and that he did no tests to confirm or deny the reported history. Appellee stated that he made the notation in the report based solely on what appellant reported to him during his office visit. When asked why he did not change his report after appellant requested him to do so, appellee testified that he felt his report correctly stated what appellant told him during the office visit and there was no need to make a change.
 {¶ 4} Appellant then testified on his own behalf. Appellant asserted that he never told appellee that he had a history of Hepatitis B. Appellant speculated that appellee made this notation in his report based on an elevated liver enzyme appellant reported to appellee during his visit. After his testimony, appellant rested his case. Appellee then requested a directed verdict, claiming appellant did not prove that appellant's insurance was cancelled due to what appellee wrote in his report, true or not. Appellant agreed that he did not completely make this showing. Accordingly, the trial court granted judgment for appellee on appellant's claims for monetary damages, finding appellant did not prove that appellee's report caused the cancellation of appellant's insurance. The trial court also granted judgment for appellee on appellant's claim seeking a correction of his medical records, finding that appellant did not prove that appellee's notation in the report about appellant's history of Hepatitis B was inaccurate. Therefore, the trial court dismissed appellant's case in its entirety.
 {¶ 5} Appellant appeals, assigning the following assignments of error:
1. The Franklin County Municipal Court of Ohio erred to the prejudice of plaintiff-appellant by holding that James D. Youngman, M.D. did not err when he reported directly, and without any evidence, that plaintiff had a history of hepatitis B, in his medical record.
2. The Franklin County Municipal Court of Ohio erred to the prejudice of plaintiff-appellant by holding that the infactual, baseless claim, made and provided by the defendant to Golden Rule Insurance Company, did not libel or harm the plaintiff.
 {¶ 6} Appellant's assignments of error are interrelated and, therefore, will be addressed together. Essentially, appellant contends that he presented sufficient evidence to withstand appellee's motion for directed verdict at the close of appellant's case. In a trial to the court without a jury, a motion for judgment at the close of a plaintiff's case is a motion for dismissal pursuant to Civ.R. 41(B)(2). Johnson v. Tansky Sawmill Toyota, Inc. (1994), 95 Ohio App.3d 164, 167.
 {¶ 7} Civ.R. 41(B)(2) states:
* * * After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant * * * may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52 if requested to do so by any party.
 {¶ 8} Pursuant to this rule, the trial court is the trier of fact and is to weigh the evidence. Johnson, supra, at 167. A dismissal, pursuant to Civ.R. 41(B)(2), will not be set aside unless it is incorrect as a matter of law or is against the manifest weight of the evidence. Id; Mayville v. Ohio Dept. of Rehab. Corr. (Mar. 23, 1999), Franklin App. No. 98AP-824. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 9} Appellant first contends that the trial court erred in finding that appellee correctly noted in his report that appellant had a history of Hepatitis B. We disagree. Appellee testified that appellant told him during an office visit that he had a history of Hepatitis B and that is why he noted that history in his report. Although appellant testified that he never told appellee he had a history of Hepatitis B, the trial court obviously believed appellee's testimony and disbelieved appellant's testimony. The weight to be given the evidence and the credibility of the witnesses are primarily issues to be decided by the trier of fact. The trier of fact has the benefit of seeing and hearing the witnesses testify and is in the best position to determine the facts of the case. Maccabee v. Maccabee (June 29, 1999), Franklin App. No. 98AP-1213, quoting State v. Burdine-Justice (1998), 125 Ohio App.3d 707,716. Appellee's testimony is competent, credible evidence that supports the trial court's decision. Therefore, the trial court did not err in refusing to order appellee to change the report.
 {¶ 10} Appellant also contends that the trial court erred in ruling that appellant failed to prove that appellee's reference to Hepatitis B in the report caused Golden Rule to cancel his insurance. Again, we disagree. Appellant failed to present any evidence indicating why Golden Rule cancelled his insurance coverage. In fact, the only evidence introduced in this regard was from appellee, who testified that appellant submitted documents to Golden Rule containing many misstatements, including that he had not seen a doctor in the past ten years, that he was not on medication, and that he never had liver disease. According to appellee, these were all false statements. In fact, appellant himself stated to the trial court that he did not feel as if he had proved that appellee's report caused Golden Rule to cancel his insurance. Therefore, there was competent, credible evidence to support the trial court's finding that appellant failed to establish the causal link between the reference to Hepatitis B in the report and the cancellation of appellant's insurance.
 {¶ 11} The trial court's dismissal of appellant's claims was not incorrect as a matter of law nor was it against the manifest weight of the evidence. Johnson, supra. Accordingly, the trial court did not err in dismissing appellant's claims. Appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
BOWMAN and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.